# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

TYRICE SAWYERS, )
)
    Movant, )
)
v. )    No. 3:14-cv-0918
)
UNITED STATES OF AMERICA, )    Chief Judge Haynes
)
    Respondent. )

## ORDER

Movant Tyrice Sawyers, filed his pro se motion to vacate, set aside, or correct his

sentence under 28 U.S.C. § 2255. Movant asserts that he is entitled to resentencing under the

rules recently pronounced by the Supreme Court in Descamps v. United States, --- U.S. ----, 133

S. Ct. 2276 (2013), and by the Eleventh Circuit in Bryant v. Warden, No. 12-11212, 2013 WL

6768086 (11th Cir. Dec. 24, 2013).

A jury found Movant guilty in February 2000 of being a convicted felon in possession of

a firearm. United States v. Sawyers, No. 3:99-cr-00193 (M.D. Tenn.) (Higgins, J., presiding).

The Court sentenced him as an armed career criminal to 300 months in prison and five years of

supervised release. Id. at Docket Entry No. 164. On appeal, the Sixth Circuit affirmed the

conviction, but vacated the sentence and remanded for further findings. United States v. Sawyers,

409 F.3d 732 (6th Cir. 2005). Upon remand, the district court made the requisite findings and

again sentenced Mr. Sawyers to 300 months in prison and five years of supervised release. This

sentence was affirmed on appeal. United States v. Sawyers, 223 F. App'x 475 (6th Cir. 2007).

In November 2007, Movant filed his first § 2255 motion that this Court denied and

declined to issue a certificate of appealability. Sawyers v. United States, No. 3:07-cv-1175 (M.D.

Tenn. March 18, 2008) (Order denying relief, Docket Entry No. 17) (Trauger, J., presiding). The

Sixth Circuit likewise declined to issue a certificate of appealability and dismissed the appeal.

Sawyers v. United States, No. 08-5713 (6th Cir. Oct. 21, 2008).

On January 15, 2010, Movant filed a petition for the writ of *coram nobis* in his federal

criminal action. United States v. Sawyer, No. 3:99-cr-00193 (M.D. Tenn. Jan. 15, 2010) (Docket

Entry No. 215). That petition was denied and during the appeal Movant voluntarily dismissed his

appeal.

In February 2011, Movant, who was then housed at the Federal Penitentiary in Atlanta,

Georgia, filed a motion under 28 U.S.C. §§ 2241 and 2255 in the United States District Court for

the Northern District of Georgia, Atlanta Division, seeking to have his sentence vacated in light

of the recent rulings by the Supreme Court in Begay v. United States, 553 U.S. 137 (2008), and

Chambers v. United States, 555 U.S. 122 (2009). Sawyers v. United States, No. 1:11-CV-490-

AT-AJB (N.D. Ga.). After Magistrate Judge Alan Baverman of that Court entered a Report and

Recommendation, recommending that the action be dismissed, Movant voluntary dismissed that

action. The Magistrate Judge noted, if the petitioner "wishe[d] to file another § 2255 motion in

the district court in which he was sentenced, he [must] apply for permission from the Sixth

Circuit." Id. (Oct. 18, 2011, Docket Entry No. 12, at 15 (citing 28 U.S.C. § 2255(h)).

In December 2011, Movant filed a motion for permission to file a second or successive

petition in the Sixth Circuit that was denied on September 21, 2012. In re: Tyrice L. Sawyers,

No. 11-6526.

This motion filed on April 3, 2014, attacks the same conviction and sentence that were

the subject of two prior § 2255 motions, and as such is a successive petition for purposes of 28

U.S.C. §§ 2255(h) and 2244. Pursuant to § 2244(b)(3)(A), "[b]efore a second or successive

application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In this circuit, if a second or successive habeas petition or motion to vacate is filed in the district court without the petitioner's having obtained authorization from the court of appeals to do so, the appropriate procedure is for the district court to transfer the file to the appellate court, which will construe the § 2255 motion as a request under § 2244(b)(3) for authorization to file the motion. See In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for writ of habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631.").

This Clerk of Court is therefore **DIRECTED** to **TRANFER** this action to the Sixth Circuit Court of Appeals to be considered as a motion under § 2244 for authorization to file a successive § 2255 motion.

It is so **ORDERED**.

**ENTERED** this the _17_ day of April, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court